UNITED STATES OF AMERICA
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | DOCKET NUMBER :2:18-CR-00013-JDL |
| | ) | |
| ABIJAH WILIAMS | ) | |

### DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

**NOW COMES** the defendant, Abijah Williams, by and through counsel, and motions this honorable court to permit him to withdraw his guilty plea.  In support of this motion, the counsel states:

**Introduction:**

This case has had somewhat of a tortured history.  The defendant had an initial appearance on February 1, 2018 on the above referenced single count Indictment, prior counsel was appointed and the defendant was detained.  (ECF No. 9)  The initial Procedural Order set the time to file pretrial motions at 2/15/2018. (ECF No. 11)  The case was continued for trial on numerous occasions and the deadline to file pretrial motions was extended on 2/21/2018 (ECF No. 19), 4/23/2018 (ECF No. 20), 5/17/2018 (ECF No. 24), and 7/13/2018 (ECF No. 26) with a final date to file pretrial motions of 7/20/2018. (ECF No. 27) No pretrial motions were filed.

The case was then reset for trial 9/4/2018 (ECF No. 30), 10/01/2018 (ECF No. 32), 11/5/2018 (ECF No. 35), 12/3/2018 (ECF No. 42), 1/07/2019. (ECF No. 44)

On 12/19, 2018, the matter was set for a change of plea on 1/03/2019 (ECF No. 47), but prior counsel moved to withdraw on 12/27/2018. (ECF No. 48)  The Motion to withdraw was heard on 1/3/2019 and was denied  (ECF No. 52) and the case was again set for trial, then to

1

2/04/2019. (ECF No. 54) On 1/18/2019 the case was again set for a guilty plea (ECF No. 56) but the plea was not entered on the 1/25/2019 scheduled date. (ECF No. 58) The case was then set for trial on 2/ 21/2019. (ECF No. 60) But, alas, on 1/31/2019, the defendant appeared before the court and a guilty plea was entered by the defendant and accepted by the court, (ECF No. 64)

On March 26, 2019, prior counsel was given leave to withdraw and instant counsel was appointed as substitute counsel. During the withdrawal hearing, Mr. Williams indicated he may seek to withdraw his guilty plea. (ECF No. 67) Thereafter, substitute counsel and the defendant have been reviewing the discovery materials, his relationship with prior counsel, and applicable case law regarding pretrial motions and a motion to withdraw his guilty plea.

**Withdrawal of a guilty plea:**

A court may allow a defendant to withdraw a guilty plea after it has accepted the plea, but before it has imposed a sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When considering a motion to withdraw a guilty plea, "a court ordinarily should begin by considering whether the plea, when entered, was voluntary, intelligent, and informed." *United States v. Gates*, 709 F.3d 58, 68 (1st Cir. 2013). A court may also consider "the plausibility and weight of the reason given for the withdrawal, the timing of the request, whether the defendant is now colorably asserting legal innocence, and whether the original plea was pursuant to a plea agreement." *United States v. Caramadre*, 807 F.3d 359, 366 (1st Cir. 2015) (quoting *United States v. Aker*, 181 F.3d 167, 170 (1st Cir. 1999)). Finally, the court should consider if the withdrawal of the guilty plea will prejudice the Government's case going forward. *United State v. Buckles*, 843 F.2d 469 (11 Cir. 1988.)

**FAIR AND JUST REASON FOR THE WITHDRAWAL:**

The defendant asserts that his relationship with prior counsel was difficult because of his ongoing insistence that prior counsel investigate and file a pretrial Motion to Suppress evidence seized at the motor vehicle stop that led to his arrest. A successful motion to suppress would have been dispositive to the case. No pretrial suppression motion was filed and the deadline to file said motion lapsed on July 20, 2018. The defendant was not informed that the period to file pretrial motions had lapsed and he continued to press his prior attorney to file a suppression motion on his behalf but his counsel refused to do so. As detailed above, the defendant's trial was continued on multiple occasions  The defendant's guilty plea was taken on January 31, 2019, more than six months later. He was convinced to enter a plea, but was not informed that his period to file a suppression motion had long since lapsed. A motion to suppress should have been filed as requested by the defendant and grounded upon a challenges to the reason for the stop of the vehicle, the subsequent reason for the defendant's arrest, and the reasonableness for the search of the vehicle. The defendant believes that said motion would have been successful and formed the basis for his "legal" innocence.

**A voluntary, intelligent, and informed plea of Guilty:**

The defendant asserts that his decision to plead guilty was a voluntary, intelligent, and informed decision as to the plea of guilty. It was not, however, a voluntary, intelligent, and informed decision to surrender his opportunity to move to suppress the dispositive evidence he asserts was illegally seized as a result of the traffic stop and his subsequent arrest that lacked probable cause. At the time of his plea of guilty, the defendant had already been unable to have substitute counsel appointed and was unaware that he could reassert his desire for a change of

counsel so he could pursue the suppression motion he wanted pursued. As previous stated, the defendant was unaware that the period to file pretrial motions has lapsed on July 20, 2018.

**Assertion of legal innocence:**

The defendant is asserting his legal innocence because the stop of the motor vehicle was not based upon an articulable suspicion of wrong doing and his subsequent arrest violated his constitutional rights against an illegal seizure. He was arrested on a charge of violation of an out-of-state protective order where none of the conditions of the order were identified in the teletype materials, but there was an indication that the conditions had been the subject of modification.[1] Further, the arresting officer based his arrest of the defendant solely upon his knowledge of Maine law, not the law of the State where the protective order was issued. The defendant asserts that his arrest was a pretext to impede and delay the defendant's travel and provide the officer with an opportunity to seek a reason to search the stopped vehicle. The defendant further asserts that the search of the vehicle based upon an arrest for violation of an out-of-state protection order would not be likely to produce evidence of the alleged violation, and was, thus, an unconstitutional overreach.

**Timing of the request to withdraw his guilty plea:**

The defendant indicated to the court that he was considering filing a motion to withdraw his guilty plea when he successfully sought substitution of counsel on March 26, 2019. The delay in requesting the withdraw after that date was to afford substitute counsel an opportunity to review the case materials, discovery and consult with the defendant. The defendant asserts that the delay was not unduly long under these circumstances and was justified by the appointment of

---

1  The defendant and his passenger, who was the subject of the protection order, both informer the trooper that protection order had been modified to allow them contact and they were, in fact living together.

substitute counsel.

**Prejudice to the Government:**

This case is relative straight forward and involves only a few Government witnesses given it involves only a single traffic stop, evidence seized as a result of the stop and the testing of the materials seized. There are no identifiable victims in this case. Defendant asserts that the is no significant prejudice to the government based upon the delay in allowing the the defendant to assert his right to challenge the seizure and search in question.

**WHEREFORE**, the defendant requests consent from the court to withdraw his guilty, extend his period to file pretrial motions and prosecute said motion. The defendant is requesting a hearing to present argument and any additional evidence about his relationship with prior counsel that may assist the court.

Dated June 18, 2019    /s/ Joel Vincent
                                      Counsel for Petitioner Abijah Williams

VINCENT, KANTZ, PITTMAN & THOMPSON, LLC
44 Exchange Street
Portland, Maine 04101
(207) 761-1931
jvincent802@gmail.com

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019, I caused a copy of the foregoing to be electronically filed on CM/ECF system which will send notification of such filing(s) to the following:

>David Joyce,  Assistant U. S. Attorney
>100 Middle Street
>East Tower, 6th Floor
>Portland, Maine 04101
>david.joyce@usdoj.gov

Dated: June 18, 2019             /s/ Joel Vincent
                                  Counsel for Defendant  Abijah Williams


VINCENT, KANTZ, PITTMAN & THOMPSON, LLC
44 Exchange Street
Portland, Maine 04101
(207) 761-1931,  jvincent802@gmail.com