UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:18-cr-00013-JDL-1 |
| | ) | |
| ABIJAH WILLIAMS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR
COMPASSIONATE RELEASE**

Defendant filed a motion for compassionate release as to the 60-month sentence imposed on July 14, 2021, following his guilty plea to one count of possession with the intent to distribute fentanyl and cocaine base.  (Motion, ECF No. 180.)  I recommend the Court deny the motion.[1]

DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)."  *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).  Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was

---

[1] Defendant also moves for the preparation of the sentencing transcript at government expense. (Motion for Transcript, ECF No. 183.)  Because I find no basis for compassionate release and because the record does not reflect a pending matter before this Court for which the sentencing transcript is necessary, I deny the motion for transcript.

based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant does not assert, and the record does not reflect that Defendant exhausted the administrative process before he filed this motion. Even if Defendant exhausted his administrative rights, he does not cite a medical condition or other impairment in support of his request for compassionate release. Instead, Defendant

challenges law enforcement's conduct before, during, and following his arrest. Defendant's arguments do not constitute grounds for compassionate release.[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for compassionate release.

## NOTICE

Any objection to the order denying the motion for transcript shall be filed in accordance with Federal Rule of Criminal Procedure 59.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2021.

---

[2] In an attachment to the motion, which attachment is entitled "defective affidavit," Defendant references a "federal tort claim" and alleges that law enforcement violated various constitutional amendments and the Maine Civil Rights Act. Because Defendant filed the motion under the criminal caption and docket number, I did not construe Defendant's filing as a civil complaint and thus have made no determination as to whether Defendant's assertions would support a civil claim. Furthermore, because Defendant did not request habeas relief, I did not construe the motion as a motion for relief in accordance with 28 U.S.C. § 2255 and, therefore, I have made no determination as to whether Defendant has asserted a basis for habeas relief.