UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABIJAH WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:18-cr-00013-JDL-1<br>2:23-cv-00270-JDL |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 207.) Following a guilty plea, Petitioner was convicted of possession with intent to distribute fentanyl and cocaine base; the Court sentenced Petitioner to sixty months in prison and four years of supervised release. (Judgment, ECF No. 174.) The First Circuit affirmed. *United States v. Williams*, 48 F.4th 1 (1st Cir. 2022).

Petitioner alleges police and prosecutorial misconduct, ineffective assistance of counsel, and actual innocence. The Government requests dismissal. (Response, ECF No. 215.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.      Traffic Stop, Indictment, and Guilty Plea**

In December 2017, a trooper with the Maine State Police stopped a gray sedan Petitioner was driving north on I-95 in York, Maine. (Prosecution Version at 1, ECF No. 57; Revised Presentence Investigation Report (PSR) ¶ 4, ECF No. 155.)  During the stop, a drug detecting canine gave a positive alert for the presence of narcotics in the vehicle, and a subsequent search revealed approximately 46 grams of cocaine base and 8.5 grams of a mixture containing heroin and fentanyl. (Prosecution Version at 1; PSR ¶¶ 5, 7.)

In January 2018, a grand jury indicted Petitioner on one count of possession with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Indictment, ECF No. 1).  In December 2018, Petitioner's first attorney moved to withdraw as counsel. (Notice of Change of Plea Hearing, ECF No. 47; Motion to Withdraw, ECF No. 48.)  After a hearing, the Court denied the motion. (Motion Hearing and Order, ECF Nos. 52, 53.)  In January 2019, Petitioner pled guilty. (Change of Plea Hearing, ECF No. 64.)

**B.      Motion to Withdraw Guilty Plea**

In March 2019, Petitioner's first attorney again moved to withdraw as counsel for Petitioner; the Court granted the request. (Motion to Withdraw, ECF No. 69; Order, ECF No. 73.)  A new attorney was appointed, and in June 2019, Petitioner attempted to withdraw his guilty plea. (Motion to Withdraw Plea of Guilty, ECF No. 80.)  Petitioner argued that he asked his first attorney about filing a motion to suppress the evidence obtained based on the traffic stop, but his first attorney failed to file a motion. (*Id.*)  The Court held a hearing

on the motion to withdraw the plea over two days in November and December 2019. (Evidentiary Hearing, ECF Nos. 104, 111.)

According to the police report and the testimony of Petitioner's attorneys regarding the Government's evidence, the state trooper originally observed Petitioner's vehicle following others too closely, used radar to determine that Petitioner's vehicle was travelling 79 mph in a 70 mph zone, and followed Petitioner's vehicle without lights or sirens until it stopped in a parking lot. (Order on Motion to Withdraw Guilty Plea at 3–4, ECF No. 130; Hearing Transcript, ECF Nos. 141, 142.) The trooper activated the vehicle's lights, approached, and found Petitioner and a female passenger in the vehicle. (Order on Motion to Withdraw Guilty Plea at 4.) Because Petitioner gave inconsistent answers about his destination and appeared rigid and tense, the trooper called for a drug-sniffing dog. (*Id.*)

The trooper also used his computer system to discover that Petitioner was subject to supervision in Connecticut for attempted homicide and the female passenger had a protective order against Petitioner. (*Id.*) Although the trooper did not have access to the details of the order, based on the trooper's experience with analogous orders in Maine, he suspected the protective order prohibited Petitioner from having contact with the passenger even though they told him they could have contact. (*Id.* at 4–5.) The trooper placed Petitioner in handcuffs and put him in the back of the police cruiser. (*Id.* at 5.)

Petitioner said his parole officer's contact information was in his phone and gave the officer permission to retrieve it from the passenger side of the vehicle. (*Id.*) When the trooper opened the vehicle to look for the phone, he saw a small, folded envelope with a blue lightbulb stamp, which he recognized as packaging for a half gram dose of heroin.

3

(*Id.*)  After a canine unit arrived and alerted to the scent of narcotics, a search revealed a box in the engine compartment containing 400 envelopes of heroin and 45 grams of cocaine base, and a sandwich bag containing heroin was found on the ground near another trooper's cruiser.  (*Id.*)  During subsequent interrogation, the passenger told police that Petitioner physically abused her, that she knew Petitioner was trafficking drugs, and that she had thrown the bag of drugs after Petitioner gave it to her and told her to hide it.  (*Id.* at 5–6.)

Petitioner asserted that the dashcam recording of the incident was tampered with to make it appear as if he were committing traffic violations, but Petitioner did not introduce the video recording or otherwise support his assertion.  (*Id.* at 9–10; Hearing Transcript at 25, 45–51, 57–58.)  Petitioner's previous attorneys testified that they vetted Petitioner's assertions and did not see a basis to rebut the evidence that Petitioner committed the traffic infractions.  (Order on Motion to Withdraw Guilty Plea at 10; Hearing Transcript at 77–78, 142–43, 162, 189–92, 196.)

In May 2020, the Court denied the motion to withdraw the guilty plea.  (Order on Motion to Withdraw Guilty Plea at 1, 20.)  In doing so, the Court considered and rejected Petitioner's ineffective assistance claims based on the issues that might have supported a motion to suppress.  Because the Court determined that a motion to suppress would not have been granted, Petitioner failed to establish prejudice or deficient performance, and therefore failed to establish a justification to withdraw his guilty plea.  (*Id.* at 8–16.)

In June 2020, Petitioner's attorney withdrew, and the Court appointed another attorney.  (Motion to Withdraw, ECF No. 132; Order, ECF No. 133.)

## C. Sentencing and Appeal

The Court calculated a total offense level of 24 and a criminal history category of III, which corresponded to a guideline range of 63 to 78 months of imprisonment. (PSR ¶ 57; Sentencing Transcript at 15, ECF No. 190.) The statutory mandatory minimum sentence was 60 months. (*Id.* ¶ 56.) The Court sentenced Petitioner to sixty months in prison and four years of supervised release. (Judgment, ECF No. 174.)

Petitioner filed an appeal arguing that the Court failed to comply with Rule 11 when accepting his guilty plea or erred when denying his motion to withdraw his guilty plea because (1) the Court did not inform Petitioner that he was giving up his right to file a motion to suppress evidence and (2) there was allegedly no factual basis for the plea. *United States v. Williams*, 48 F.4th 1, 5, 8 (1st Cir. 2022). The First Circuit rejected Petitioner's arguments and affirmed the judgment. *Id.* at 3.

Petitioner filed the § 2255 motion approximately ten months later.

## DISCUSSION

### A. Legal Standard

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on

7

its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.    Grounds and Analysis**

Petitioner claims: (1) the police officer falsely asserted that Petitioner committed traffic violations, (Motion at 4); (2) the police officer altered the dashcam video recording to generate evidence of traffic violations, (*id.* at 4, 14); (3) the police officer wrongfully used the protective order to create suspicion of criminal conduct to prolong the traffic stop and create time to search the vehicle, (*id.* at 11); (4) the police officer had previously seized the bag of drugs from Petitioner's passenger during a different traffic stop and then planted the bag at the scene of the traffic stop involving Petitioner and planted an individual package from that bag in the car while looking for Petitioner's phone, (*id.* at 5, 7); (5) after his arrest, while Petitioner was in jail, police or prosecutors placed a confidential informant in Petitioner's cell to try to get information from him, (*id.* at 8); and (6) the police officer

8

later told the state prosecutor to charge Plaintiff for violating the protective order even though he had discovered that Petitioner was not in violation of the protective order. (*Id.* at 13.)

Petitioner's arguments regarding the justification for and duration of the traffic stop sound in the Fourth Amendment. The claims are not cognizable on postconviction review, however, given the limitations on the scope of the Fourth Amendment exclusionary rule as articulated by the Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976). *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (concluding that "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255"); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) ("This Court has determined that the principles of *Stone* apply equally to § 2255 motions"); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim"); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (same); *Arroyo v. United States*, 195 F.3d 54, 54–55 & n.1 (1st Cir. 1999) (noting that "[t]he Supreme Court has hinted that *Stone v. Powell* applies to section 2255 petitions" but declining to resolve the issue).

Even if Petitioner's Fourth Amendment claims were cognizable on postconviction review, *see Baranski v. United States*, 515 F.3d 857, 860 (8th Cir. 2008) ("conclud[ing] that *Stone* does not bar" Fourth Amendment claims in § 2255 motions), the claims would still be unreviewable here because the Court already considered and rejected essentially the same arguments when Petitioner moved to withdraw his guilty plea, and the First

9

Circuit considered and upheld the Court's decision. The determinations of the District Court and the First Circuit are now the law of the case.

In addition, even if the claims were reviewable, Petitioner has not produced any evidence or plausible argument to undermine this Court's or the First Circuit's conclusions. A review of the record does not reveal any Fourth Amendment violations because there was sufficient evidence to support the conclusion that Petitioner committed traffic violations, and the existence of the protective order together with uncertainty about its terms justified briefly prolonging the seizure to investigate, at which point the officers obtained other evidence supporting Petitioner's arrest and a full search of the vehicle.

Petitioner is also barred from raising his other claims in this proceeding because they involve pre-plea issues that are now inconsequential given his admissions that he in fact committed the crime.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *see also*, *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Furthermore, because Petitioner did not raise his other allegations or arguments in the original district court proceedings or on appeal, he

10

procedurally defaulted the opportunity to raise them and may not do so for the first time in a collateral attack.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), a category which includes constitutionally ineffective assistance of counsel, *see Strickland*, 466 U.S. at 536–39, or by showing that a miscarriage of justice would occur because, "in light of new evidence, it is more likely than not" that the petitioner is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 536–39 (2006) (quotation omitted).

Petitioner cited ineffective assistance of counsel and actual innocence in his motion, but both claims fail. As previously discussed, the Court already considered and rejected similar ineffective assistance arguments in denying Petitioner's motion to withdraw the guilty plea. To the extent Petitioner has included new allegations, the arguments fail for essentially the same reason: counsel did not act unreasonably by declining to raise challenges when Petitioner repeatedly failed to offer any plausible evidence to corroborate his allegations of planted evidence or fabricated recordings and the record does not otherwise support such an argument. Likewise, although Petitioner included an "actual innocence" ground for relief, he only (1) raised alleged legal errors in the proceedings leading to his conviction and (2) disputed portions of the drugs attributed to him.[1] Petitioner presented no newly discovered evidence of factual innocence. *See Bousley v.*

---

[1] For example, although Petitioner alleges police planted the packet of drugs found on the floorboard and the bag of drugs found on the ground nearby, Petitioner did not mention or in any way undermine the evidence of the large quantity of drugs found in a container hidden in his vehicle.

11

*United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency").

In sum, Petitioner is not entitled to relief because each of his claims is barred in this proceeding and would fail on the merits even if he were permitted to raise the claims.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of January, 2024.